UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELA M. KRUEGER,

                    Plaintiff,

                                                    Case No. 19-cv-553-pp

        v.

NANCY A. BERRYHILL,

                    Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 4)

        The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

        To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

        Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff did not file her affidavit on the court's current form, but the form she filled out states that for the last twelve months she had $1,280 per month in income (from employment, $600; child support, $500; and public assistance $180). Dkt. No. 4 at 2. The plaintiff also indicates that next month she expects $300 less from her

1

employment. Id. The plaintiff says that she has $200 in a checking/savings account, and a 2010 Pontiac G6 worth $5,000. Id. at 3. The plaintiff has a 15-year-old daughter who relies on her for support, monthly expenses of $950, and has spent $300 for expenses or attorney fees associated with this case. Id. at 4-6. The plaintiff says, "I have debts I don't currently pay because I am trying to survive." Id. at 6. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In her complaint, the plaintiff states that the decision finding her not disabled is not in accordance with the purpose and intent of the Social Security Act; not in accordance with the evidence, but contrary to it; and is not supported by substantial evidence and is contrary to law. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for

the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 22nd day of April, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**